NOT DESIGNATED FOR PUBLICATION

No. 113,396

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DAVID L. BRESSIE,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; STEPHEN J. TERNES, judge. Opinion filed February 5, 2016. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2015 Supp. 21-6820(g) and (h).

Before ARNOLD-BURGER, P.J, GREEN and STANDRIDGE, JJ.

*Per Curiam*:  David L. Bressie appeals his convictions for two counts of aggravated criminal sodomy. We granted Bressie's motion for summary disposition without briefing pursuant to K.S.A. 2015 Supp. 21-6820(g) and (h) and Supreme Court Rule 7.041A (2015 Kan. Ct. R. Annot. 67).

In March 2013, the State charged Bressie with two counts of aggravated criminal sodomy. Both counts were off-grid person felonies. Bressie's counsel filed a motion to determine his competency, and the district court ordered Bressie to undergo a competency evaluation. After reviewing the results of that evaluation, the district court found that Bressie was competent to stand trial.

1

In February 2014, Bressie entered *Alford* pleas to both counts of aggravated criminal sodomy. Before sentencing, Bressie filed a motion requesting a durational departure sentence. Among the mitigating factors listed in the motion, Bressie asserted that he had cognitive deficiencies.

Bressie's sentencing hearing was held on February 27, 2015. His attorney argued at the hearing that the district court should impose a departure sentence equal to the lowest prison term in the appropriate Kansas sentencing guidelines grid block and that it should run Bressie's sentences for both counts concurrently. The district court granted Bressie's motion to depart to the sentencing grid, but it imposed the highest number in the appropriate grid block. As such, Bressie received a 165-month prison sentence for the first count and a 165-month prison sentence for the second count. The district court ordered these sentences to run concurrently. It also ordered that Bressie be subject to lifetime postrelease supervision.

Bressie asserts two arguments on appeal. First, he argues that, due to his mental capacity, the imposition of lifetime postrelease supervision violated his right to be free from cruel and/or unusual punishment under the Eighth Amendment to the United States Constitution and § 9 of the Kansas Constitution Bill of Rights. But he concedes that he did not raise this issue to the district court. Our Supreme Court has repeatedly held that a claim asserting cruel and/or unusual punishment cannot be raised for the first time on appeal because appellate review of the issue requires a district court's findings relating to the three-part test established in *State v. Freeman*, 223 Kan. 362, 367, 574 P.2d 950 (1978). Therefore, we decline to address this issue.

Next, Bressie argues that his constitutional rights under *Cunningham v. California*, 549 U.S. 270, 127 S. Ct. 856, 166 L. Ed. 2d 856 (2007), and *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), were violated when the district court imposed the highest sentence in the appropriate grid block without requiring any

2

aggravating factors to be proved to a jury beyond a reasonable doubt. Our Supreme Court concluded in *State v. Johnson*, 286 Kan. 824, Syl. ¶ 5, 190 P.3d 207 (2008), however, that a sentence that falls within the range of a presumptive grid block in the Kansas sentencing guidelines does not violate *Cunningham* or *Apprendi*. Because Bressie concedes that his sentence fell within the appropriate grid block, Bressie is not entitled to relief.

Affirmed.